IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LOUIS ARNOLD, IV, #828775,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-02020-JPG |
| ) | |
| **PHILLIP BALDWIN and** ) | |
| **SCROGGINS LAW OFFICE, LTD.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Louis Arnold, IV, brings this action pursuant to 42 U.S.C. § 1983 to challenge his civil commitment proceedings. (Doc. 1). Arnold is currently held at the Detention and Treatment Facility in Rushville, Illinois (Rushville TDF), a facility administered by the Illinois Department of Human Services (DHS) to house civil detainees pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1, *et seq.* He describes himself as a pretrial detainee who has been awaiting trial on a Petition to Commit since April 28, 2011. According to publicly available information,[1] he is classified as a sexually violent person.[2]

---

[1] The Court searched publicly available government records to determine Arnold's current status as a sexually violent person. *See* https://www.isp.illinois.gov/sor (site last visited Dec. 13, 2024); *see also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] A "sexually violent person" is defined by statute as a "person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." *See* 725 ILL. COMP. STAT. 207/1(f).

In his Complaint,[3] Arnold specifically takes issue with his fifth attorney, Phillip Baldwin, who represented him in commitment proceedings from May 23, 2022 until March 25, 2024. Arnold claims that Attorney Baldwin provided him with ineffective assistance of counsel, delayed his trial, deprived him of due process, and violated the Illinois Rules of Professional Conduct.[4] Along with the Complaint, Arnold included a copy of a motion for ineffective assistance of counsel that he filed in the Circuit Court of Madison County, Illinois, Case No. 2011-MR-500195 on or around December 8, 2023. (Doc. 1-1, pp. 1-80). He claims that the motion establishes violations of his constitutional rights and warrants an award of money damages against Attorney Baldwin and Scroggins Law Office, Ltd. *Id.*

Sexually violent persons are not considered "prisoners"[5] under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(h) (defining "prisoner" under PLRA); *see also Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004) (noting that "[a]pplying the PLRA's definition to [SVP] detainees may be difficult"). Therefore, the provisions of 28 U.S.C. § 1915A do not apply. The Court must nevertheless deny *in forma pauperis* (IFP) status and dismiss a case at any time the court determines that the action is frivolous or malicious, fails to state a claim, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When reviewing the Complaint, the Court liberally construes all factual allegations in favor of the *pro se* plaintiff. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

---

[3] Arnold used a state court "motion" form when preparing the Complaint to challenge his state civil commitment proceedings. It is unclear whether he intended to file this action in federal court.
[4] Although he also complains of certain delays or errors made by the judge who presided over his commitment proceedings, Arnold does not name the judge as a defendant or assert any claims against him.
[5] The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, or sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program," and the same definition is used in 28 U.S.C. § 1915(h) and § 1915A(c).

The Complaint states no federal claim. A civilly committed SVP may not challenge his civil commitment in federal court pursuant to 42 U.S.C. § 1983, until he receives favorable termination of his civil commitment. *See Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (extending bar in *Heck v. Humphrey*, 512 U.S. 477, 487 (1997) to SVP plaintiff). In *Heck v. Humphrey*, 512 U.S. 477, 487 (1997), the United States Supreme Court held that § 1983 cannot be used to obtain money damages from a state actor, where a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated. *Id*. The Seventh Circuit Court of Appeals recently held that the *Heck*-bar extends to individuals who are civilly confined under the SVPCA and similar statutes. *Bell v. Raoul*, 88 F.4 at 1233. "Like a prisoner wishing to challenge a criminal conviction or sentence, a civil detainee cannot sue a state official under 42 U.S.C. § 1983 for violating his constitutional rights when a judgment in the plaintiff's favor would necessarily imply the invalidity of his confinement, unless the grounds for the confinement have already been set aside in other proceedings." *Id*. Arnold seeks money damages for constitutional deprivations stemming from his commitment proceedings. However, he has not demonstrated that his commitment or detention orders have been invalidated. A finding in his favor on the claims before this Court would necessarily imply the invalidity of his commitment order(s) and proceedings. Thus, Arnold's claim for money damages is *Heck*-barred.

If Arnold wishes to challenge his commitment, he is not without recourse. State law provides for periodic reexamination of an individual's eligibility for civil commitment. *See* 725 ILL. COMP. STAT. 207/55; *Gilbert v. McCulloch*, 776 F.3d 487, 497 n.5 (7th Cir. 2015). The DHS Secretary can determine that the committed person is no longer sexually violent and is authorized

3

to petition for discharge. *See* 725 ILL. COMP. STAT. 206/65. The committed person can then petition for discharge at a statutorily mandated periodic hearing. *Id*. Or, the committed person can petition for discharge outside of the periodic review even without the DHS Secretary's approval. He can also appeal the denial of a petition in the state court of appeals and state supreme court and may even be able to pursue relief under the Illinois habeas statute. If he still seeks relief after exhausting all state court remedies, Arnold may bring a petition for habeas relief in federal court under 28 U.S.C. § 2254. *See Bell*, 88 F.4th at 1235. If he succeeds in overturning or invalidating his order of commitment, Arnold may pursue relief under § 1983. Until then, § 1983 provides no avenue to relief.

## IFP Motion

This Court prematurely granted Arnold's IFP motion. (Doc. 7). Section 1915(e)(2) requires a court to deny IFP in this context, if the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2);[6] *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). Here, the Complaint states no claim for relief under 42 U.S.C. § 1983, so the Order Granting IFP (Doc. 7) is **VACATED**, Arnold's IFP status is **REVOKED**, and Arnold's Motion for Hardship Dispensation (Doc. 9) is **DENIED**. The filing fee of $405.00 remains due and payable.

## Disposition

The Complaint (Docs. 1, 1-1) is **DISMISSED** without prejudice as *Heck*-barred and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

---

[6] Section 1915(e)(2) *requires* the Court to deny IFP and dismiss the Complaint at any time if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Order Granting IFP (Doc. 7) is **VACATED**, Arnold's IFP status is **REVOKED**, and Arnold's Motion for Hardship Dispensation (Doc. 9) is **DENIED**. The filing fee of $405.00 remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED: 12/18/2024**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
