**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LOUIS ARNOLD, IV, #828775,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-02020-JPG** |
| | ) | |
| **PHILLIP BALDWIN and** | ) | |
| **SCROGGINS LAW OFFICE, LTD.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff Louis Arnold, IV's Motion to Amend and Re-File Complaint (Doc. 13) and Motion to Reconsider Order Revoking *In Forma Pauperis* (IFP) (Doc. 14). As explained below, the Motion to Amend (Doc. 13) is **GRANTED**, and the Motion to Reconsider Order Revoking IFP (Doc. 14) is **DENIED** without prejudice.

### <u>Background</u>

On August 22, 2024, Arnold filed this action pursuant to 42 U.S.C. § 1983 using a State of Illinois Circuit Court Motion Form. In the 93-page Motion, Arnold described himself as a detainee at the Detention and Treatment Facility in Rushville, Illinois. This facility is administered by the Illinois Department of Human Services to house civil detainees under the Illinois Sexually Violent Persons Commitment Act, 725 ILL. COMP. STAT. 207/1, *et seq.* At the time he filed the motion, Arnold alleged that he was still awaiting trial on a Petition to Commit filed thirteen years earlier on April 28, 2011. He named Attorney Phillip Baldwin and Scroggins Law Office, Ltd. as the only defendants.

1

Attorney Baldwin served as his fifth attorney and represented him from May 23, 2022 until March 25, 2024. Baldwin was employed at Scroggins Law Office, Ltd. Arnold faulted this attorney for breaking promises, cancelling appointments, delaying his trial, denying him due process, and violating the Illinois Rules of Professional Conduct. He included a copy of a Motion for Ineffective Assistance of Counsel that he filed in the Circuit Court of Madison County, Illinois, Case No. 2011-MR-500195, on or around December 8, 2023. (Doc. 1-1, pp. 1-80). He argued that the motion established violations of his constitutional rights. Arnold also complained of delays or errors made by the judge who presided over his commitment proceedings, but he did not name the judge as a defendant.

The Court screened this matter under 28 U.S.C. § 1915(e)(2)(B), which requires denial of *in forma pauperis* (IFP) status and dismissal of a complaint filed by a non-prisoner at any time the Court determines that it is frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court determined that the Complaint failed to state a claim for relief. (Doc. 11). For one thing, it was not clear whether Arnold intended to file a complaint in federal court at all, given that he used a state court motion form to commence this action. *Id*. at 2-3. In addition, the Court could not discern exactly what claims Arnold was pursuing under 42 U.S.C. § 1983. *Id*. To the extent he sought money damages for constitutional deprivations stemming from his commitment proceedings, the Court explained that such claims would be barred unless he could establish that his commitment or detention order was already invalidated. *Id*. at 3 (citing *Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (extending bar in *Heck v. Humphrey*, 512 U.S. 477, 487 (1997) to SVP plaintiff)). And, to the extent that *Heck* posed no bar to his claims, Arnold nevertheless failed to show that Attorney

Baldwin and/or Scroggins Law Office, Ltd. acted under color of state law under § 1983.  The Complaint did not survive review and was dismissed without prejudice.

The Court also revoked Arnold's IFP status pursuant to 28 U.S.C. § 1915(e)(2)(B).  Publicly available records classified Arnold as a "sexually violent person"[1] (SVP).  The Court explained that SVPs do not fall within the definition of "prisoner" under 28 U.S.C. § 1915(h) and the Prison Litigation Reform Act (PLRA).  Arnold's request for IFP was instead controlled by § 1915(e)(2)(B) and subject to denial when the complaint was dismissed.  The Court ordered dismissal of the entire action without granting leave to file an amended complaint.

### Motion to Amend Complaint and Reconsider IFP

In the pending motions, Arnold acknowledges that the Complaint was poorly organized, meandering, and confusing, and he makes no argument that it should have survived screening. (Doc. 13).  Arnold clarifies that he never intended to use 42 U.S.C. § 1983 to challenge his commitment proceedings.  He intended to bring a claim against Attorney Baldwin and his employer for conspiring with the prosecuting attorney and judge to violate his constitutional rights by delaying his commitment proceedings and denying him the right to due process.  He does not indicate whether he intended to bring the conspiracy claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985 or both.  Arnold seeks an opportunity to file an amended complaint that better explains his conspiracy claim, and he asks the Court to grant him IFP status.  (Docs. 13, 14).

---

[1] Illinois law defines a "sexually violent person" as a "person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence."  *See* 725 ILL. COMP. STAT. 207/1(f); *Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

## Discussion

When a motion challenges the merits of a district court's dismissal order and/or judgment, it is generally treated as a motion filed under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) permits a court to amend a judgment in "exceptional cases," only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016). A Rule 59(e) motion must be filed within 28 days of the order being challenged. Relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Id.* at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)). This rule permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. Arnold's motions are considered timely under both rules.

In his motion, Arnold does not challenge the Court's dismissal of the original Complaint without prejudice. He challenges dismissal of the *entire action* without prejudice before he was given an opportunity to file an amended complaint. A district court can dismiss an action with prejudice and without leave to amend, where an amendment to the complaint would be futile. *See, e.g., Gines v. Curry*, App. No. 25-1194, 2025 WL 2319661, at *1 (7th Cir. decided Aug. 12, 2025) (affirming dismissal of entire action with prejudice and without leave to amend complaint where amendment would be futile). But, where an amendment would be allowed at least once as a matter of course to a fee-paying plaintiff, the Court should also grant leave to an IFP plaintiff. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (IFP plaintiff has same right as other

4

plaintiffs to amend a timely-filed complaint once as a matter of course and thereafter with leave of the court).  Here, the Court dismissed the Complaint, and the entire action, without prejudice and without commenting on the futility of an amendment.

Arnold has persuaded the Court that dismissal without leave to amend may have been in error, in light of his intent to pursue a conspiracy claim against one or more defendants. Accordingly, out of an abundance of caution, the Court shall grant Arnold's Motion to Amend Complaint (Doc. 13).  However, Arnold's Motion to Reconsider Order Revoking *In Forma Pauperis* (IFP) (Doc. 14) shall be denied without prejudice, and he may renew the request for IFP status when he files the First Amended Complaint.

### Disposition

Arnold's Motion to Amend and Re-File Complaint (Doc. 13) is **GRANTED**, and the Motion to Reconsider Order Revoking *In Forma Pauperis* (IFP) (Doc. 14) is **DENIED** without prejudice.  Although the Complaint (Doc. 1) remains **DISMISSED** without prejudice, that portion of the Order Dismissing Case (Doc. 11) that dismisses the *entire action* without prejudice and directs the Clerk's Office to close this case and enter judgment accordingly is **VACATED**.

**The Clerk's Office is DIRECTED to REOPEN this case; VACATE the Judgment (Doc. 12); and SEND Arnold a blank civil rights complaint form for use in preparing a First Amended Complaint for filing, if he chooses to pursue any claims herein**.

Arnold is **GRANTED** leave to file a First Amended Complaint on or before **October 8, 2025**.  He may renew his request for *in forma pauperis* status by the same deadline. The First Amended Complaint must stand on its own without reference to any other document because it will supersede and replace the original Complaint; it is also subject to preliminary review by the Court.

5

Arnold is **WARNED** that failure to file the First Amended Complaint in compliance with this Order will result in **DISMISSAL** of the entire action with prejudice after the deadline expires. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 9/9/2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

6