**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LOUIS ARNOLD IV, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 24-cv-02020-JPG** |
| | ) | |
| PHILLIP BALDWIN | ) | |
| and SCROGGINS LAW OFFICE, LTD., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Louis Arnold, IV, brings this action pursuant to 42 U.S.C. § 1983 to challenge his civil commitment proceedings. (Doc. 18). Arnold's initial complaint was dismissed for failure to state a claim, his application to proceed *in forma pauperis* was denied, and the case was dismissed. Pursuant to a timely motion to reconsider (Doc. 13), the Court reopened this case and invited Arnold to file an amended complaint (Doc. 15). Arnold has now filed a timely amended complaint (Doc. 18), and he has reapplied to proceed *in forma pauperis*. As the Court previously indicated, Arnold is classified as a sexually violent person under 725 ILL. COMP. STAT. 207/1(f). (Doc. 11 at p. 1, n. 2). As a civil detainee who has applied to proceed *in forma pauperis* (IFP), Arnold's pleading is subject to review under 28 U.S.C. § 1915(e)(2)(B). The Court may dismiss a case or deny a party's IFP application if the action is clearly frivolous or malicious, fails to state a claim, or seeks monetary damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). For reasons explained herein, the Court finds that Arnold's pleading fails to state a claim, so his IFP application is denied, and this matter is dismissed without prejudice.

1

**The Amended Complaint**

The Amended Complaint (Doc. 18) sets forth the following allegations: Arnold alleges that he brings this suit to address a conspiracy between his fifth attorney, Defendant Phillip Baldwin, and other state actors, to withhold due process from him in relation to his sexually violent person (SVP) classification. Baldwin first appeared on Arnold's behalf on May 23, 2022, eleven years into Arnold's detention at the Rushville Treatment and Detention Facility. After one in-person visit and a phone call with Baldwin, Arnold conducted his own research and began to pressure Baldwin to seek a speedy trial. Baldwin insisted that Arnold had to make this demand to the Circuit Clerk. After further discussion, Arnold and Baldwin agreed that Baldwin would withdraw from the case.

On February 21, 2023, Baldwin's withdrawal was considered in state court. The judge asked Arnold why he wished to end Baldwin's representation, and Arnold explained that he did not feel Baldwin was reliable or easy to reach, and that Baldwin would not pursue his Fifth, Sixth, and Fourteenth Amendment rights. Arnold emphasizes that these concerns were voiced in the presence of a judge, an assistant attorney general, Baldwin, and a court reporter. Despite Arnold's wishes, the judge explained that Baldwin was a good attorney and that withdrawal would not be allowed. Arnold subsequently sought removal of the judge to no avail because Baldwin assured the judge that Baldwin did not pen the motion. Arnold alleges that this left him with a judge, a prosecutor, and his own attorney, all in agreement to violate his rights, with "the hallmarks of a conspiracy." (Doc. 18 at 7).

Arnold also filed a motion alleging ineffective assistance of counsel by Baldwin. He claims Baldwin responded by starting to send him invoices on Scroggins Law Office stationary even though he was already being paid by the Madison County Courthouse. Arnold alleges he "does

not challenge incarceration in this instrument.  He states that Phillip Baldwin was legally responsible to challenge it and is therefor liable for his refusal to do so by agreement with other state actors in violation of federal law and constitutional rights." (Doc. 18 at 7).  Arnold explains that judges and prosecutors are immune from suit, which is why he has not sued them.

Arnold seeks money damages from Baldwin from May 23, 2022 through March 25, 2024, while Baldwin was his attorney.  He additionally seeks money damages from Scroggins Law Office as Baldwin's employer.

### Discussion

Arnold's attempt to carve out liability against Baldwin by couching his argument as a conspiracy to deny him due process between his attorney, a state court judge, and a prosecutor, must be rejected for several reasons.  First, Baldwin was either Arnold's appointed or retained counsel in civil proceedings concerning his detention.  Courts have consistently held that neither public nor private attorneys are state actors for purposes of liability under 42 U.S.C. § 1983.  *See e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (neither public defenders nor private attorneys are state actors under § 1983 when performing a lawyer's traditional functions).  Arnold only challenges Baldwin's conduct while representing him in attorney-client meetings and in open court, both functions central to a lawyer's role.  Thus, Baldwin is not a state actor under § 1983, and Arnold cannot pursue a conspiracy claim under § 1983 against Baldwin.

Second, because Baldwin is not a state actor, the available avenue to relief might exist under 42 U.S.C. § 1985(3), which covers conspiracies between public and private actors.  "The minimum ingredient of a conspiracy, however, is an agreement to commit some future unlawful act in pursuit of a joint objective." *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007).  Arnold does not specify when Baldwin formulated a joint objective with the prosecutor and judge, nor

what unlawful acts they agreed to conduct in the future in furtherance of that objective.  All Arnold baldly alleges is that because these three were present when the judge denied Baldwin's effort to withdraw from the case, then there must have been a conspiracy.  Arnold's allegations are nothing more than a conclusory assumption that because he did not get the outcome he wanted on a motion to withdraw, others must be conspiring to work against him.  Threadbare and conclusory assertions are not enough to state a valid claim.  *See e.g., Redwood*, 476 F.3d at 466-67 (affirming the dismissal of a § 1985 conspiracy claim against attorneys where there was no assertion that would allow reasonable jurors to conclude there was a conspiracy to take joint actions between a private attorney and a prosecutor, let alone proof that an unlawful objective was being pursued through unlawful acts).  Here, the Court finds that Arnold's allegations are too vague to proceed against Baldwin for a conspiracy under § 1985.

Third, although Arnold disavows any attempts to unsettle his detention, his allegations still imply that he believes his detention is invalid.  As the Court previously explained in relation to Arnold's original complaint, a civilly committed SVP cannot challenge his civil commitment in federal court without demonstrating his commitment has already been set aside.  *See e.g., Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) (a civil detainee cannot sue for violations of his constitutional rights associated with his detention until he demonstrates the grounds for confinement have been invalidated in other proceedings); *Thomas v. Van Hollen*, 371 F3d. App'x 680, 681 (7th Cir. 2010) (a civilly committed sexually violent person cannot bring conspiracy claims against state officials for allegedly thwarting his release from confinement until he shows his detention has been invalidated); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (money damages cannot be obtained from a state actor in connection with a conviction or sentence until that conviction or sentence have been independently invalidated).  To the extent that Arnold is

4

simply searching for a new avenue to unsettle his detention, he cannot use this lawsuit to pursue that objective. Instead, he must first pursue any such relief in state court under the umbrella of a habeas petition or other state mechanisms for challenging civil detention. Only after Arnold's detention is invalidated may he seek money damages related to the people and processes that led him to detention, if they are not immune from such claims.

Fourth, and finally, to the extent that Arnold wishes to hold Scroggins Law Office liable he cannot do so because he has not established that Baldwin or Scroggins Law Office are state actors. Even if he had established they were state actors under § 1983, he cannot use § 1983 to hold Scroggins Law Office responsible for supervising Baldwin because there is no supervisory liability under § 1983. *See Bostic v. Murray*, 160 F.4th 831, 840-41 (7th Cir. 2025) (a supervisor is liable for money damages under §1983 only for his or her own misconduct, and there is no *respondeat superior* liability for the misconduct of subordinates). Arnold does not allege that Scroggins Law Office was aware of Baldwin's conduct, or participated in it. He also does not allege that Scroggins Law Office maintained a policy, custom, or practice, that led to unconstitutional conduct and caused him harm. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978) (there is no respondeat superior liability for a municipality, and it may only be held liable if there is a violative policy, custom, or practice that caused harm). Thus, Arnold has failed to plead a valid claim against Scroggins Law Office.

In sum, the Court finds that Arnold has failed to plead a valid claim in his Amended Complaint. Having now reviewed two pleadings by Arnold with similar allegations, the Court is confident that Arnold cannot presently formulate a valid complaint surrounding the events he has identified, so further leave to amend will not be granted. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to

5

cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

## Disposition

The Amended Complaint (Doc. 18) is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and as *Heck*-barred.  In light of this dismissal, Arnold's Second Motion to Proceed *In Forma Pauperis* (Doc. 17) is **DENIED**.

The Clerk's Office is directed to **ENTER** judgment and **CLOSE** this case.

**IT IS SO ORDERED**.

**DATED:**  6/17/2026

_____
**J. PHIL GILBERT**
**United States District Judge**

6